IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES,

      **Plaintiff**,

           **v.**

JESÚS ABDIEL FELICIANO-
CANDELARIO,

      **Defendant**.

**Criminal No.** 21-098 (FAB)

**OPINION AND ORDER**

BESOSA, Senior District Judge.

    Defendant Jesús Abdiel Feliciano-Candelario ("Feliciano") filed a motion for severance of certain counts in his indictment. (Docket No. 17)  Having considered the government's response, (Docket No. 22), and Feliciano's reply, (Docket No. 23), which incorporated the arguments in his motion to suppress, (Docket No. 19), the Court **GRANTS** Feliciano's request.

**I.    Background[1]**

    Feliciano was charged with a five-count indictment on March 30, 2021.  (Docket No. 1)  The indictment encompasses three distinct events — a robbery at gunpoint on July 24, 2019, a

---

[1] The Court takes the following facts from the indictment, (Docket No. 1), Feliciano's suppression motion, (Docket No. 19), and the government's opposition to the suppression motion, (Docket No. 26).

carjacking at knifepoint on August 19, 2019, and a robbery at
gunpoint on September 20, 2020.  (Docket Nos. 1, 19 & 26)

The first robbery allegedly occurred on July 24, 2019 in
Bayamón, when a delivery truck driver exited an auto parts store
and noticed a man taking batteries out of the back of the driver's
truck and putting them into the trunk of a car.  (Docket No. 26 at
p. 2—3)  When the driver confronted the man, the man pulled out a
gun, and signaled for another person inside the car to come out.
Id. at p. 3.  The two robbers then finished taking batteries from
the driver's truck and drove away in their car.  Id.  The driver
was later shown a photographic lineup and identified Feliciano as
one of the robbers.  (Docket No. 19 at p. 2)

On August 19, 2019, around 9 p.m., a couple drove their van
to their residence[2] and upon exiting the vehicle, the passenger
saw a man standing about three feet from the van, brandishing a
knife.  (Docket No. 26 at p. 5)  He took the passenger's purse and
demanded the keys to the van, which the driver then dropped to the
ground.  Id.  The man drove off in the stolen van.  (Docket No. 19
at p. 3—4)  Some time after, the couple saw a news article about
Feliciano being a suspected robber and carjacker in Bayamón that
included his photo, and they told the police they recognized him

---

[2] Feliciano states this happened in Bayamón, (Docket No. 19 at p. 3), while the
government does not state the location of the event, (Docket No. 26 at p. 5).

as the man from the night of August 19th.  (Docket No. 26 at pp. 6—7)

About one year later, on September 20, 2020, at about 11:20 p.m., four individuals entered a gas station convenience store in Toa Baja.  (Docket No. 26 at p. 7)  One person was masked and armed with a gun and told the clerk it was a robbery.  Id.  The robbers made off with cash and cigarettes.  Id.  The clerk was shown a photographic lineup afterwards and identified Feliciano as the robber with the gun.  Id. at pp. 7—9.

The five-count indictment is organized as follows: for the events of July 24, 2019, count one charges Feliciano with Hobbs Act Robbery (18 U.S.C. § 1951) and count two charges him with use of a firearm during a crime of violence (18 U.S.C. §§ 924(c)(1)(A)(ii)).  (Docket No. 1 at pp. 1—2)  Counts four and five are pursuant to the same statutes, but for the events at the convenience store on September 20, 2020.  Id. at pp. 3—4.  Count three charges Feliciano with carjacking (18 U.S.C. §§ 2119(1).) Id. at pp. 2—3.

## II.  Motion to Sever Counts

Feliciano argues the indictment should be severed, with counts one and two tried together, count three alone, and counts four and five tried together.  (Docket No. 17)  He argues that the counts are not properly joined under Federal Rule of Criminal

Procedure 8(a) ("Rule 8(a)") because they do not have overlapping evidence, count three does not allege use of a firearm like the other counts, counts four and five concern acts that happened a year later than the first three counts, and the events took place in different communities with different participants.  Id. at pp. 1—2.  Feliciano also argues that even if properly joined, the counts should be severed pursuant to Federal Rule of Criminal Procedure 14(a) ("Rule 14(a)") because if each trial were separate, evidence of the other offenses would not be admissible, but with the counts together he will be prejudiced by otherwise inadmissible evidence.  Id. at pp. 2—3.  The government argues the counts are sufficiently similar because they are robberies in the Bayamón—Toa Baja area that involved a weapon.  (Docket No. 22 at p. 2) Additionally, the government argues that severance is not warranted pursuant to Rule 14(a) because Feliciano has not asserted any prejudice beyond the garden variety that occurs when counts are linked in an indictment.  Id. at p. 3.  For the following reasons, Feliciano's motion to sever is GRANTED.

## A.   Legal Standard

Rule 8(a) permits joinder of offenses when they "are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan."  Fed. R. Crim. P. 8(a).  "In determining whether

counts are properly combined for trial, we historically have considered whether the charges are laid under the same statute, whether they involve similar victims, locations, or modes of operation, and the time frame in which the charged conduct occurred." United States v. Taylor, 54 F.3d 967, 973 (1st Cir. 1995)). Rule 8(a) is "generously construed in favor of joinder." United States v. Meléndez, 301 F.3d 27, 35 (1st Cir. 2002) (quoting United States v. Randazzo, 80 F.3d 623, 627 (1st Cir. 1996)). "Nevertheless, Rule 8(a) does forbid joinder unless the counts meet one of the conditions already quoted, and those conditions, although phrased in general terms, are not infinitely elastic." Randazzo, 80 F.3d at 627.

Rule 14(a) states that if "joinder of offenses . . . appears to prejudice a defendant or the government, the court may order separate trials . . . or provide any other relief that justice requires." Fed. R. Crim. P. 14(a). That determination "is addressed to the district court's sound discretion." United States v. Richardson, 515 F.3d 74, 80 (1st Cir. 2008). "Generally, there are three types of prejudice that may result from trying a defendant for several offenses at one trial: (1) the defendant may become embarrassed or confounded in presenting separate defenses; (2) proof that defendant is guilty of one offense may be used to convict him of a second offense, even though such proof

would be inadmissible in a separate trial for the second offense;
and (3) a defendant may wish to testify in his own behalf on one
of the offenses but not another, forcing him to choose the unwanted
alternative of testifying as to both or testifying as to neither."
United States v. Scivola, 766 F.2d 37, 41-42 (1st Cir. 1985)
(internal citations omitted).   In deciding a motion to sever
pursuant to Rule 14(a), "the district court has a duty to weigh
the prejudice resulting from a single trial of counts against the
expense and inconvenience of separate trials."  United States v.
Buchanan, 930 F. Supp. 657, 667 (D. Mass. 1996) (citing United
States v. Perkins, 926 F.2d 1271, 1280 (1st Cir. 1991) and United
States v. Cardall, 885 F.2d 656, 667 (10th Cir. 1989)).

**B.   Severance of the Carjacking Count (Count Three)**

Count three charges Feliciano with carjacking pursuant
to 18 U.S.C. section 2119(1).  (Docket No. 1 at pp. 2—3)   To
determine whether a count is properly joined pursuant to Rule 8(a),
the Court will "consider[] whether the charges are laid under the
same statute, whether they involve similar victims, locations, or
modes of operation, and the time frame in which the charged conduct
occurred."  Taylor, 54 F.3d at 973.

First, the charge in count three is not pursuant to the
same statutes as the charges in the other counts.  See Docket
No. 1.  Nor does count three have similar victims to the other

counts; counts one, two, four, and five are for robbing businesses, while count three's victims are individuals. See United States v. Edgar, 82 F.3d 499, 503-04 (1st Cir. 1996) (finding no similarity between alleged fraudulent schemes where, among other reasons, bankruptcy fraud mainly hurt defendant's ex-wife while workers' compensation and auto insurance frauds affected benefits issuers); United States v. Vázquez-Rijos, 2017 WL 2628871, at *5 (D.P.R. June 19, 2017) (Domínguez, J.) (counts not similar where defendant who concealed fleeing suspect "helped dupe federal law enforcement, international law enforcement, and the members of the Jewish Community of Florence, not [the murder victim's] parents.")

While counts one, two, and three may have all occurred in Bayamón, or at the very least the Bayamón—Toa Baja area, that is not the type of geographical specificity noted by courts when finding counts to be similar. Cf. United States v. Werner, 620 F.2d 922, 926 (2d Cir. 1980) ("Both crimes involved the theft of valuables from the same place, Lufthansa's cargo warehouse at John F. Kennedy Airport."); Taylor, 54 F.3d at 973 ("The two robberies . . . took place in the same locale (downtown Boston) . . . ."). Most troublingly, the mode of operation of count three is quite distinct from the robberies in the other counts. See Edgar, 82 F.3d at 503-04 (court "disturbed by the joinder of the bankruptcy fraud" where, among other differences, "[t]he modes of operation

were different.").  For counts one, two, four, and five, the
robbers targeted businesses, worked in concert, and used a firearm,
while in count three the alleged carjacker worked alone in a
residential area, brandishing a knife.  See Docket No. 26 at pp. 2—
7.  Furthermore, count three did not occur particularly close in
time to any other count.  Cf. United States v. Boulanger, 444 F.3d
76, 87 (1st Cir. 2006) (counts were similar where "only a few days
separated the robbery from the drug distribution."); Taylor, 54
F.3d at 973 (finding counts similar where the two robberies
"occurred in the same time frame (successive days).").

Accordingly, count three is not properly joined to the
other counts pursuant to Rule 8(a), and Feliciano's motion to sever
count three is GRANTED.

### C.   Robbery of the Toa Baja Gas Station Store (Counts Four and Five)

Counts four and five, on the other hand, appear to be of
a "same or similar character" to counts one and two.  See Fed. R.
Crim. P. 8(a).  They are pursuant to the same statutes as counts
one and two, they involve similar victims (businesses), and similar
modes of operation (two or more people, and brandishing a firearm).
They are not close in time, but that is not a necessary condition.
Cf. Werner, 620 F.2d at 926 (finding counts that were seven years
apart to still be sufficiently similar).  "Rule 8(a)'s joinder
provision is generously construed in favor of joinder in part

because Fed. R. Crim. P. 14 provides a separate layer of protection where it is most needed." <u>Randazzo</u>, 80 F.3d at 627 (citations omitted).

Feliciano argues that even if counts four and five are properly joined pursuant to Rule 8(a), the Court should sever them pursuant to Rule 14(a) because the danger of 'spillover of evidence' would be tremendous. (Docket No. 17 at p. 2.) The government argues there would be no more than garden variety prejudice, and that to prevail on a severance motion, the prejudice from spillover effects must be "so pervasive that a miscarriage of justice looms." (Docket No. 22 at p. 3.) This high burden cited by the government, however, is not the standard that applies at the trial court, where "[t]he question of whether joinder of offenses unduly prejudices a defendant is addressed to the district court's sound discretion." <u>Richardson</u>, 515 F.3d at 80.[3] Instead, the district court should "weigh the prejudice resulting from a

---

[3] The standard cited by the government applies on appeal when determining if the trial court abused its discretion. <u>See</u> <u>United States v. Burgos</u>, 254 F.3d 8, 13-14 (1st Cir. 2001) ("We will overturn a court's exercise of its discretion in considering a motion for severance 'only upon a demonstration of manifest abuse. This is a difficult battle for a defendant to win. There is always some prejudice in any trial where more than one offense or offender are tried together—but such 'garden variety' prejudice, in and of itself, will not suffice.'" (quoting <u>United States v. Boylan</u>, 898 F.2d 230, 246 (1st Cir. 1990)); <u>see also</u> <u>Buchanan</u>, 930 F. Supp. at 667 ("It appears that the government would have me sever the counts only where the defendant—at this stage—could show that a miscarriage of justice would surely result if severance were not permitted. That standard requires too much from a defendant at this juncture in the proceedings.").

single trial of counts against the expense and inconvenience of separate trials." <u>Buchanan</u>, 930 F. Supp. at 667.

One type of prejudice that can arise in a multi—count indictment is that "proof that defendant is guilty of one offense may be used to convict him of a second offense, even though such proof would be inadmissible in a separate trial for the second offense . . . ." <u>Scivola</u>, 766 F.2d at 41–42. Pursuant to Federal Rule of Evidence 404(b) ("Rule 404(b)"), evidence of prior bad acts may only be admissible for "proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b). The risk otherwise of such evidence is that it "would amount to 'propensity' evidence (i.e., proof that [the defendant] more likely committed [an offense] because of guilt on other charges) . . . ." <u>United States v. Perry</u>, 37 F. Supp. 3d 546, 559 (D. Mass. 2014).

The government has not argued that there is any permissible Rule 404(b) purpose to apply the evidence for counts one and two to counts four and five, nor vice versa. (Docket No. 22)   Feliciano states there is no overlapping evidence. (Docket No. 17 at p. 2)   Because there is no clear admissible evidence between the counts relating to the events of July 24, 2019 and those relating to the events of August 20, 2020, (more than one year later) the danger of this evidence being considered

for solely propensity purposes outweighs any judicial economy gained by combining the counts for trial. See Buchanan, 930 F. Supp. at 668 ("Where, as in this case, the overlap between the two schemes, in terms of evidence to be presented at trial, seems slight, the concerns of judicial economy balance lightly against the dangers of jury confusion and conviction based on propensity evidence."); Perry, 37 F. Supp. 3d at 559 (severing counts where evidence was likely to be used by jury as propensity evidence "particularly given that the factual allegations supporting the separate set of counts is distinct"); United States v. Silvia, 2016 WL 234801, at *3 (D. Mass. Jan. 20, 2016) (severing counts "because the stock scheme and the loan scheme appear to be largely, if not entirely, distinct" which risked "that a jury convinced of the defendant's guilt as to one of the schemes (or one aspect of what the government characterizes as one scheme) will be tempted to find him therefore guilty of the other."); United States v. Withrow, 2017 WL 5707529, at *2 (D. Mass. Nov. 27, 2017) (severing counts where evidence of one scheme would not be admissible for any Rule 404(b) purpose as to the other scheme and thus risked being purely propensity evidence); United States v. Taderera, 2018 WL 4854629, at *1 (D. Mass. Oct. 5, 2018) (severing counts where evidence identifying defendant as the robber in one robbery would likely not be admissible as to the other robbery and "trying both

robberies together could prejudice defendant by allowing 'proof that [he] is guilty of one offense' to 'be used to convict him of [the] second offense.'") (quoting Richardson, 515 F.3d at 81).

Accordingly, the Court will also sever counts four and five from the indictment, and Feliciano's motion to sever is GRANTED.

## IV.  Conclusion

Defendant Feliciano's motion to sever count three, and counts four and five, (Docket No. 17), is **GRANTED**.  Separate trials are ordered for counts one and two, for count three, and for counts four and five.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, June 6, 2022.

s/ Francisco A. Besosa
FRANCISCO A. BESOSA
SENIOR UNITED STATES DISTRICT JUDGE